F I L E D
Clerk
District Court
MAR 23 2023
for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

SUPERTECH, INC.

    Plaintiff,

    v.

MY CHOICE SOFTWARE, LLC,

    Defendant.

Case No. 1:23-cv-00002

**DECISION AND ORDER SUA SPONTE
DISMISSING COMPLAINT FOR LACK OF
SUBJECT MATTER JURISDICTION**

Plaintiff Supertech, Inc. filed a complaint against Defendant My Choice Software, LLC asserting diversity jurisdiction and alleging fraud, breach of contract, promissory estoppel, and unjust enrichment. (Compl. 1, 10, 12-13; ECF No. 1.) Defendant filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim, or to alternatively, transfer the case. (Mot. Dismiss, ECF No. 6.) Subsequently, the parties filed a stipulation to modify the briefing schedule and hearing date of the motion to dismiss. (Stip., ECF No. 10.) However, a review of the complaint reveals that subject matter jurisdiction has not been properly pleaded; therefore, the Court issues this decision and order sua sponte dismissing the complaint for lack of jurisdiction and granting Plaintiff leave to amend its complaint.

## I.      BACKGROUND

The facts as alleged in the complaint, in relevant part, are as follows. Plaintiff is a Commonwealth of the Northern Mariana Islands ("CNMI") corporation with its principal place of business in the CNMI. (Compl. ¶ 3.) Defendant is a California limited liability company with its principal place of business in California. (*Id.* ¶ 4.)

## II.      LEGAL STANDARD

Federal courts are courts of limited jurisdiction empowered to hear only those cases authorized by the Constitution or by Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court

1   must dismiss a case if it determines that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

2   Federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds

3   the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States;

4   (2) citizens of a State and citizens or subjects of a foreign state . . . ; (3) citizens of different States and in which

5   citizens or subjects of a foreign state are additional parties[.]" 28 U.S.C. § 1332(a). "The party seeking to invoke

6   the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity

7   jurisdiction." *Rainero v. Archon Corp.*, 844 F.3d 832, 840 (9th Cir. 2016) (quoting *NewGen, LLC v. Safe Cig,*

8   *LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016)). "In cases where entities rather than individuals are litigants,

9   diversity jurisdiction depends on the form of the entity." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d

10  894, 899 (9th Cir. 2006). For example, a corporation is a citizen of the state of incorporation and the state where

11  its principal place of business is located. *Id.* In contrast, LLCs are "citizens of every state of which its

12  owners/members are citizens." *Id.* "[W]here an LLC is a member of another LLC, the citizenship of the 'sub-

13  member' LLC is likewise defined by the citizenships of its own members." *19th Capital Grp., Inc. v. 3 GGG's*

14  *Truck Lines, Inc.*, No. CV 18-2493 PA (RAOx), 2018 U.S. Dist. LEXIS 226595, at *4, 2018 WL 6219886

15  (C.D. Cal. Apr. 3, 2018) (citations omitted). For individuals, citizenship in a state requires United States

16  citizenship and is determined by domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### III.   DISCUSSION

In its complaint, Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 1.)

However, the Court concludes it does not have diversity jurisdiction based on the complaint as presently

alleged. This Court has previously recognized its lack of diversity jurisdiction when plaintiffs failed to

adequately plead the citizenship of businesses. *See Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI),*

*LLC*, No. 19-CV-00016, 2019 WL 9518261, at *3-4 (D. N. Mar. I. Dec. 4, 2019)  (dismissing complaint

for failure to adequately plead diversity jurisdiction); *Saipan Dev., LLC v. Commonwealth Utilities Corp.*,

No. 1:13-CV-00024, 2014 WL 12694601, at *2 (D. N. Mar. I. June 24, 2014) (noting the Court's inability

to exercise diversity jurisdiction when LLC party's citizenship was not adequately plead); Order Sua

Sponte Dismissing Complaint with Leave to Amend; and Denying Motion for Service by Publication as Moot, *Bridge Capital, LLC v. Wilson*, No. 1:22-cv-00012, (D. N. Mar. I. Feb. 1, 2023), ECF No. 3.

Here, Plaintiff has failed to sufficiently plead the citizenship of Defendant My Choice Software, LLC, which requires dismissal of its complaint. *See Thermax Inc. v. Coachillin Energy Co., LLC*, No. EDCV 20-1984 DSF (KKx), 2020 U.S. Dist. LEXIS 186266, at *1 (C.D. Cal. Oct. 7, 2020) (ordering the plaintiff to file an amended complaint correcting jurisdictional allegations as it failed to properly plead the citizenship of a LLC party). Because Defendant is an LLC, Plaintiff must identify Defendant's members and their citizenships. Since the complaint lacks these allegations, Plaintiff has not met its burden to establish diversity jurisdiction. *See Lindley Countours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. App'x 62, 64-65 (9th Cir. 2011) (holding that appellees failed to establish complete diversity because while they identified the partners that comprised one defendant limited partnership, they "d[id] not identify of what state [those partners] are a citizen nor whether they are comprised of another layer of partnerships").

## IV.    CONCLUSION

Because Plaintiff has not adequately plead diversity jurisdiction, the Court sua sponte DISMISSES the complaint, but grants Plaintiff leave to amend its complaint to correct the deficiencies. Plaintiff's amended complaint is due fourteen days from issuance of this order. As such, the motion to dismiss (ECF No. 6) is mooted and the hearing currently set for April 20, 2023 is VACATED. Because the Court lacks subject matter jurisdiction as presently alleged, it need not consider Defendant's arguments raised in its motion to dismiss. For this reason, the Court expresses no opinion on the merits of those arguments. Finally, the pending stipulation (ECF No. 10) is also mooted.

IT IS SO ORDERED this 23rd  day of March, 2023.

_____
RAMONA V. MANGLONA
Chief Judge